MEMORANDUM OPINION



No. 04-07-00214-CR



Vincent SULLIVAN,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 12, Bexar County, Texas


Trial Court No. 900542


Honorable Michael E. Mery, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Rebecca Simmons, Justice


Delivered and Filed: February 27, 2008


AFFIRMED

 Appellant, Vincent Sullivan, ("Sullivan"), appeals his conviction for the Class A
misdemeanor offense of assault causing bodily injury. We affirm the trial court's judgment.

Factual and Procedural History


 On September 26, 2004, Sullivan, the owner and manager of a hardware store in San
Antonio, was assisting a customer in his store. At the time, there were several other customers in
need of assistance; however, the only other person working was an employee who was operating the
cash register. The complainant, Delia Swiger, approached Sullivan from behind and proceeded to
verbally confront him regarding the lack of service in the store. Sullivan responded angrily and told
Swiger to leave his store. As Swiger walked out, she began throwing items of merchandise, including
a large metal trash can, on the floor. According to several eye witnesses, when Sullivan heard the
commotion, he went after Swiger and kicked her in the back, causing her to fall to the floor where
he proceeded to repeatedly kick her. 

 At trial, the only person, other than Sullivan, who testified that Sullivan did not kick Swiger
was David Austin, the employee who was operating the cash register on the day in question;
however, Austin admitted that he remained behind the cash register the entire time and that his
visibility was impeded. Sullivan was found guilty by a jury and sentenced by the court to one year
in jail probated for one year, 120 hours of community service, 24 hours of anger management
counseling, and a $1500 fine.

 Sullivan appeals, raising the following issues:

 1. the trial court erred in failing to instruct the jury on the defense of justification by
defense of property; 

 2. the information was defective in failing to allege with reasonable certainty the act
or acts relied upon to constitute recklessness;

 3. the trial court erred in excluding evidence of a prior criminal mischief charge
against Swiger; 

 4. the trial court erred in refusing to allow Swiger to be cross-examined regarding
accusations of spousal abuse she made in the past;

 5. the prosecutor engaged in improper argument in asking the members of the jury
to put themselves and their families in Swiger's shoes; and

 6. the prosecutor made an improper closing argument in stating her own opinion and
offering testimony as an expert witness as to why Swiger did not have bruises.

 



 

I. Alleged Charge Error

 Sullivan first argues that the trial court committed error in failing to sua sponte instruct the
jury on the defense of justification by defense of property because such defense was raised by the
evidence.

A. Standard of Review and Applicable Law

 Article 36.14 of the Code of Criminal Procedure provides that "the judge shall, before the
argument begins, deliver to the jury, . . . a written charge distinctly setting forth the law applicable
to the case . . . . Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007) (emphasis added). In
reviewing jury charge errors, Almanza sets out the "basic framework for analysis" with respect to
errors that are both preserved and unpreserved. Posey v. State, 966 S.W.2d 57, 60 (Tex. Crim.
App.1998) (citing Almanza v. State, 606 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Pursuant to
Almanza, a claimed jury charge error is analyzed based on whether the error is "fundamental" or
"ordinary" error. Id. at 64. Error properly preserved by an objection to the charge will require
reversal as long as the error is not harmless. Almanza, 606 S.W.2d at 171. The court of criminal
appeals has interpreted this to mean that any harm, regardless of degree, is sufficient to require
reversal. Id. But when the charging error is not preserved, a greater degree of harm is required, and
this standard of harm is described as fundamental or egregious harm. Id. Neither "harm" standard
as construed by Almanza applies unless an appellate court first finds "error" in the jury charge. See
id. at 174 (finding error in the court's charge to the jury begins-not ends-the inquiry).

 However, Article 36.14, which mandates that a trial court submit a charge setting forth the
law "applicable to the case," imposes no duty on trial courts to sua sponte instruct the jury on
unrequested defensive issues. Posey, 966 S.W.2d at 60-61. Therefore, Almanza does not apply to
the omission in the jury charge of defensive issues that have not been properly preserved by a request
or objection. Id. Thus, a defendant must make a specific request for the instruction or object to the
instruction to preserve error on a defensive issue and a trial court does not err in failing to sua sponte
instruct the jury on an unrequested defensive issue. Id.B. Discussion

 It is undisputed in this case that Sullivan failed to both request an instruction on defense of
property and object to the absence of this instruction in the jury charge; nevertheless, Sullivan
contends that the trial judge erred in failing to sua sponte instruct the jury on this defensive issue.
Sullivan maintains that "because of the manner in which the case was tried and the evidence which
was brought out, the justification of defense of property was part of the 'law applicable to the case.'" 
Specifically, Sullivan points to the following testimony during his cross-examination by the State's
attorney:

 Q. Now the things that you were going over with your attorney there, Mr.
Bruner, that sounds like you were trying to establish a defense to something. But
before we go into your defense, I want to talk about the offense, the assault . . . 

 . . . . .

 A. In other words, if you're saying that you had a reason for doing something
wrong, wouldn't you have to admit that you did something wrong first?

 Q. Okay. So you felt that you were justified in your actions that day with Delia?

 A. Yes, I did.

 Q. Okay. And you're saying that you had to protect your property; is that correct?
Is it fair to say you did the things you did because you had to protect your property?

 A. Yes. That was part of it.

 Q. And you had to use force against another to protect your property; is that
correct?

 A. Define force.

 Q. Well, what you did that day.

 A. Yes. What I did that day I felt was necessary to protect my property.

 Q. Did you feel that it was immediately necessary?

 A. Yes.


Sullivan contends that because this testimony raised the issue of defense of property, the Court's
charge should have instructed the jury on these defenses as "the law applicable to the case."

 In Bennett v. State, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007), the Court rejected a similar
argument after the defendant, Bennett, appealed, claiming the trial court erred in failing to sua sponte
submit instructions on defense of third person and defense of property. Although Bennett failed to
object or submit instructions on defense of third person and defense of property, Bennett, like
Sullivan in the present case, argued that the trial judge should have submitted these instructions sua
sponte because evidence was presented that would have supported the submission of instructions as
to these defenses. Id. However, unlike Sullivan, Bennett further contended that the trial judge was
aware of her complaint because her attorney had objected to the court's failure to include a
justification defense instruction in the jury charge and also, had requested that the court include self-defense "as it relates to [Bennett's] case." Bennett v. State, No. 05-05-01420-CR, 2006 WL 1828107,
*5 (Tex. App.--Dallas Jul. 05, 2006), rev'd on other grounds, 235 S.W.3d 241 (Tex. Crim. App.
2007). 

 Nevertheless, the Court reiterated that "[d]efensive instructions must be requested in order
to be considered applicable law of the case requiring submission to the jury." Id. at 243 (citing
Posey, 966 S.W.2d at 62). And notwithstanding Bennett's arguments that the trial judge should have
been aware of her complaint because she objected to another separate defense or that "evidence at
trial existed that would have supported the submission of an instruction" as to these defenses, the
Court held that a trial court has no duty to sua sponte instruct the jury on unrequested defensive
issues. Id.; see also Hernandez v. State, 198 S.W.3d 257, 268-69 (Tex. App.--San Antonio 2006,
pet. ref'd). Therefore, the Court found that because Bennett had failed to place the trial judge on
notice that she wanted an instruction on defense of a third person, the trial judge did not err in failing
to submit such an instruction. Id. 

 Similarly, in the present case, Sullivan did not object or request an instruction and thus, failed
to place the trial court on notice that he wanted an instruction on defense of property; therefore, the
trial court did not err in failing to submit such an instruction sua sponte. Bennett, 235 S.W.3d at 243;
Posey, 966 S.W.2d at 61. 

 Sullivan's first issue is overruled.

 II. Defective Information

 Sullivan next complains that the information was defective in failing to allege with reasonable
certainty the act or acts relied upon to constitute recklessness. However, Sullivan did not object to this
alleged defect in the information nor did he file a motion to quash prior to trial. See Tex. Code Crim.
Proc. Ann. art. 1.14(b) (Vernon 2006) (defendant must object to a defect, error, or irregularity of
form or substance in an indictment or information before the date on which the trial on the merits
commences or he waives the right to object and may not raise the objection on appeal); Teal v. State, 
230 S.W.3d 172, 178 (Tex. Crim. App. 2007)(citing Studer v. State, 799 S.W.2d 263 (Tex. Crim.
App. 1990) (substance exceptions to charging instrument must be raised before trial or defendant
waives objection on appeal)). And while Sullivan argues on appeal that this alleged defect in the
charging instrument was brought to the attention of the trial court by the filing of a Motion in Arrest
of Judgment following the trial court's suspension of Sullivan's sentence, article 1.14(b) requires that
any objection to a defect in an indictment be made before the date on which trial on the merits
commences. See id.

 Accordingly, Sullivan's second issue is overruled.

III. Trial Court's Refusal to Admit Evidence

 and Permit Cross-Examination


 In points of error three and four, Sullivan maintains that the trial court erred in 1) excluding
evidence of a prior criminal mischief charge against Swiger and in 2) refusing to allow Sullivan to
cross-examine Swiger regarding accusations she made in the past that her husband had physically
abused her. 

A. Standard of Review and Applicable Law

 We review a trial court's ruling on the admissibility of evidence under an abuse of discretion
standard. Montgomery v. State, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990). Evidence in the form
of opinion or reputation is admissible to impeach the credibility of a witness; however, the evidence
may refer only to the witness' character for truthfulness or untruthfulness. Tex. R. Evid. 608(a).
Additionally, Rule 608 provides that "[s]pecific instances of the conduct of a witness, for the purpose
of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule
609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." 
Tex. R. Evid. 608(b); see also Ruiz v. State, 891 S.W.2d 302, 306 (Tex. App.--San Antonio 1994,
pet. ref'd). Rule 609 goes on to limit impeachment of a witness by evidence of a conviction of a crime
to crimes constituting a felony or involving moral turpitude, provided that no more than ten years
have passed since the date of conviction. Tex. R. Evid. 609.

B. Prior Criminal Mischief Charge 

 Sullivan argues that the trial court erred in refusing to allow him to introduce evidence that
a charge of criminal mischief had been filed against Swiger, arguing that this evidence would have
demonstrated "a pattern of behavior." However, at the hearing on the motion in limine, Sullivan's
attorney admitted not only that the criminal mischief case against Swiger was "obviously quite old,"
but also that the case had been dismissed. See id.; see also Martinez v. State, 17 S.W.3d 677, 688 
(Tex. Crim. App. 2000) (trial court did not err in excluding specific instances of conduct that were
not prior convictions under Rule 609). Thus, the trial court did not abuse its discretion in refusing to
permit Sullivan to introduce this evidence. 

 We overrule Sullivan's third issue. Montgomery, 810 S.W.2d at 378.

C. Prior Accusation of Spousal Abuse

 Sullivan also argues that the fact that Swiger had made a claim of abuse in the past was
relevant to her credibility and he should have been permitted to cross-examine her regarding such
prior claim. Indeed, Sullivan maintains that the trial court's refusal to permit him to cross-examine
Swiger regarding the prior allegations of abuse amounts to a violation of his Sixth Amendment
constitutional right of confrontation.

 However, Swiger's character for truthfulness was not "attacked by opinion or reputation
evidence or otherwise" as required by Rule 608(a)(2). Tex. R. Evid. 608(a)(2). Instead, during cross-examination, Sullivan attempted to inquire into prior accusations of abuse Swiger made against her
ex-husband for the purpose of attacking Swiger's credibility. Rule 608(b) specifically precludes this
type of inquiry during cross-examination. See Tex. R. Evid. 608(b) (other than conviction of crime
as provided in Rule 609, specific instances of the conduct of a witness may not be inquired into on
cross-examination of the witness for the purpose of attacking the witness' credibility). And while "the
Confrontation Clause occasionally may require the admissibility of evidence that the Rules of
Evidence would exclude," here the probative value of the evidence sought to be admitted was
extremely low particularly since defense counsel admitted during trial that he had no evidence that
Swiger lied about the abuse and further, that the accusations occurred "a long time ago." See Tex. R.
Evid. 401, 402, 608; see also Lopez v. State, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000). 

 Accordingly, the trial court did not abuse its discretion in refusing to allow Sullivan to cross-examine Swiger regarding past accusations of spousal abuse. Montgomery, 810 S.W.2d at 378. 

 Sullivan's fourth issue is overruled. 

IV. Improper Jury Argument

 Sullivan next argues that the prosecutor made improper closing arguments by 1) asking the
members of the jury to put themselves and their families in Swiger's shoes and 2) stating her own
opinion as to why Swiger did not have bruises. And while Sullivan concedes he failed to object to
these arguments, he nevertheless contends that "where an instruction to disregard would not be
sufficient to cure the error, no objection is necessary to preserve the complaint on appeal." 

A. Standard of Review and Applicable Law

 "Before a defendant will be permitted to complain on appeal about an erroneous jury argument
or that an instruction to disregard could not have cured an erroneous jury argument, he will have to
show he objected and pursued his objection to an adverse ruling." Valencia v. State, 946 S.W.2d 81,
82-83 (Tex. Crim. App. 1997); Richardson v. State, No. 04-06-00344-CR, 2007 WL 460674, *1 (Tex.
App.--San Antonio Feb. 14, 2007, no pet.). Before Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996), the general rule was that any impropriety in the prosecutorial argument was waived by
a defendant's failure to make a proper and timely objection unless the prosecutor's argument was so
prejudicial that an instruction to disregard would not have cured the harm. This exception, however,
was overruled in Cockrell. The Cockrell court held that such an exception could no longer be
sustained in view of Rule of Appellate Procedure 52(a) [now Texas Rule of Appellate Procedure
33.1] and its previous decision in Marin v. State, 851 S.W.2d 275 (Tex. Crim. App. 1993). Id.; see
also Threadgill v. State, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); Mathis v. State, 67 S.W.3d
918, 926-27 (Tex. Crim. App. 2002) (refusing to overrule Cockrell, "a case perfectly in line with Rule
of Appellate Procedure 33.1 and the policies underlying preservation of error"). 

B. Discussion

 Based on the foregoing, Sullivan waived his right to complain about the alleged erroneous jury
arguments. Id.; see also Tex. R. App. P. 33.1. Additionally, any error in the arguments was harmless.
See Tex. R. App. P. 81(b)(2).

 Sullivan's fifth and sixth issues are overruled.

Conclusion


 Having found no error, we affirm the trial court's ruling.


 Karen Angelini, Justice

Do Not Publish