**Brenda Pitts BENNETT, Appellant**

v.

**The STATE of Texas.**

**No. PD–1350–06.**

Court of Criminal Appeals of Texas.

Sept. 26, 2007.

---

Ted Sansom, Rockwall, for Appellant.

Craig Stoddart, Assistant District Atty., Rockwall, Matthew Paul, State's Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Does a request for a jury instruction on self-defense preserve a complaint on appeal regarding the trial judge's failure to submit a jury instruction on defense of a third person? The answer is "no."

Appellant was prosecuted for assault. At trial, she objected to the trial judge's failure to include in the jury charge an instruction on self-defense:

> Judge, on behalf of Ms. Bennett, comes now the defendant, states that—I respectfully request that the Court include in the charge an instruction concerning the law on self-defense, would be the defendant's position, based upon the totality of all the circumstances and all the witnesses, that it was testified during the trial of this case that a—that the— that the justification of self-defense has been raised by the evidence and, therefore, we object to—we object to that being not included. And we respectfully request that the Court charge the jury on the law of self-defense as it relates to this case.

The trial judge overruled her objection. Appellant was convicted and sentenced to forty-five days of confinement in the county jail and a fine of $1000, but imposition of sentence was suspended, and she was placed on probation.

She complained on appeal that the trial judge erred in failing to submit jury instructions on defense of a third person and defense of property (her own or a third person's). The court of appeals found that appellant's request to include an instruction on self-defense "as it relates to this case" was sufficient to place the trial judge on notice of her complaint with respect to defense of a third person.[1] Consequently,

---

1. *Bennett v. State,* No. 05–05–01420–CR, slip op. at 9, 2006 WL 1828107 (Tex.App.-Dallas, July 5, 2006)(not designated for publication).

the appellate court concluded that a "some harm" analysis would apply if error were found on that complaint.[2] Finding that there was error and that some harm had occurred, the court of appeals reversed the conviction.[3] In light of its disposition with respect to the defense of a third person issue, the appellate court found it unnecessary to reach appellant's claim with respect to defense of property.[4]

On discretionary review, the State contends that appellant's request for an instruction on self-defense failed to preserve error with respect to an instruction on defense of a third person. The State concludes that, under *Posey v. State*,[5] the trial judge did not err in failing to submit the latter type of defensive instruction to the jury.

 We agree. Self-defense and defense of a third person are separate defenses enumerated in separate sections of the Penal Code.[6] A request with respect to the former does not by itself alert the trial judge with respect to the latter.[7] Nor are we persuaded by appellant's contention that the trial judge should have been aware of her complaint because defense counsel used the words "in this case" and because evidence at trial existed that

would have supported the submission of an instruction on defense of a third person. We do not require a trial judge to mull over all the evidence introduced at trial in order to determine whether a defendant's request for a jury instruction means more than it says. "Magic words" are not required; a complaint will be preserved if the substance of the complaint is conveyed to the trial judge.[8] But appellant's complaint here did nothing more than convey that she wanted an instruction on self-defense.[9]

 Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury.[10] Because appellant failed to place the trial judge on notice that she wanted an instruction on defense of a third person, the trial judge did not err in failing to submit such an instruction.[11]

· Our holding that appellant's request for a self-defense instruction failed to alert the trial judge to her complaint about the absence of an instruction on defense of a third person applies equally to appellant's complaint about the absence of instructions on defense of property.[12] Although the court of appeals did not address the defense of property aspect of appellant's

**2.** *Id.* (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985)).

**3.** *Id.* at 9–10.

**4.** *Id.*

**5.** 966 S.W.2d 57 (Tex.Crim.App.1998).

**6.** Tex. Pen.Code §§ 9.31, 9.32 (self-defense), 9.33 (defense of third person).

**7.** *See* Tex.R.App. P. 33.1(a)(1)(A).

**8.** *Hill v. State*, 90 S.W.3d 308, 312 (Tex.Crim. App.2002); *but see Heidelberg v. State*, 144 S.W.3d 535 (Tex.Crim.App.2004).

**9.** This would be a different case if the record indicated that the trial judge actually under-

stood appellant's request to encompass the matters about which appellant now complains. *See* Tex.R.App. P. 33.1(a)(1)(A)("unless the specific grounds were apparent from the context"). But there is no indication in the present record that the trial judge actually understood appellant's request to extend to any instruction other than one for self-defense.

**10.** *Posey*, 966 S.W.2d at 62.

**11.** *See id.*

**12.** *See* Tex Pen.Code §§ 9.41, 9.42 (protection of property), 9.43 (protection of third person's property).

point of error, a remand is unnecessary in this case because our holding forecloses any relief on her only remaining complaint. In the interest of judicial economy, we decline to remand the case for further proceedings.[13]

The judgment of the court of appeals is reversed, and the judgment of the trial court is affirmed.

WOMACK, J., concurred.

13. *See McNac v. State*, 215 S.W.3d 420, 424 (Tex.Crim.App.2007); *Johnston v. State*, 145 S.W.3d 215, 224 (Tex.Crim.App.2004).