Opinion issued November 20, 2008
     














In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00069-CR




ASHTON JOEL CARMEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 51,101




DISSENTING OPINION
          Is a request for a jury instruction on self-defense sufficient to put the trial court
on notice that the party wants an instruction on deadly force in defense of person? 
The issue in this case is very close to the one recently decided by the Court of
Criminal Appeals in Bennett v. State, 235 S.W.3d 241 (Tex. Crim. App. 2007). In
Bennett, appellant requested a general instruction on self-defense at trial and later
complained on appeal that the trial court erred in not submitting an instruction on
defense of a third person. Id. at 242. The court of appeals had held that appellant’s
request to include an instruction on self-defense “as it relates to [the] case” was
sufficient to place the trial court on notice of her complaint with respect to defense
of a third person. Id. The Court of Criminal Appeals reversed the court of appeals’s
judgment, agreeing with the State’s position that, because appellant’s request for an
instruction on self-defense failed to preserve error with respect to an instruction on
defense of a third person, the trial court did not err in refusing to submit the latter
instruction to the jury. Id. at 243. 
          In Bennett, the Court of Criminal Appeals reasoned that self-defense and
defense of a third person are separate defenses enumerated in separate sections of the
Texas Penal Code


 and that a request for the former does not by itself alert the trial
court with respect to the latter. Id. The court rejected appellant’s contention that the
trial court should have been aware of her complaint because defense counsel used the
words “in this case” and because evidence at trial existed that would have supported
the submission of an instruction on defense of a third person.


 Id.  The court reasoned
that the law does not require a trial court to mull over all of the evidence introduced
at trial in order to determine whether a defendant’s request for a jury instruction
means more than it says. Id. The court did not require “magic words,” but it did
require that the substance of the complaint be conveyed to the trial court. Id. In
Bennett, because appellant’s challenge did nothing more than convey that she wanted
an instruction on self-defense, the substance of the complaint on appeal—that an
instruction on defense of a third person was required—was not preserved.


 Id.
          All of the reasoning found in Bennett applies directly to the facts of this case. 
First, self-defense and deadly force in defense of person are separate defenses
enumerated in separate sections of the Texas Penal Code. Compare Tex. Penal
Code Ann. § 9.31 (Vernon Supp. 2008) (entitled “Self-Defense”) with id. § 9.32
(Vernon Supp. 2008) (entitled “Deadly Force in Defense of Person”); see Bennett,
235 S.W.3d at 243. Further, we should conclude, as did the court in Bennett, that a
request for the former does not by itself alert the trial court that the latter is being
requested. See Bennett, 241 S.W.3d at 243. Although the record may contain
sufficient evidence to support a request for an instruction on deadly force in defense
of person, the law does not require the trial court to review all of the evidence in order
to determine if appellant’s request meant more than what he stated. See id. In fact,
the Court of Criminal Appeals has placed the burden on the defendant to request a
defensive instruction in order to ensure preservation. See id.; see also Posey v. State,
966 S.W.2d 57, 62 (Tex. Crim. App. 1998). Appellant’s request in this case did
nothing more than convey to the trial court that he wanted an instruction on self-defense and, thus, did not preserve the substance of the complaint on appeal, which
is that the trial court erred in not instructing on deadly force in defense of person. See
Bennett, 235 S.W.3d at 243. I would not place the duty on the trial court to determine
whether a request for self-defense actually means a request for deadly force in
defense of person.
          Because I believe that the rationale of Bennett squarely controls the disposition
of this case, I respectfully dissent.


                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Justice Taft, dissenting.

Publish. See Tex. R. App. P. 47.2(b).