In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00139-CR




JAMES RAY JACKSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1079042


 



OPINION

          Appellant was charged with aggravated assault against a public servant. See
Tex. Pen. Code Ann. § 22.02(b)(2)(B) (Vernon Supp. 2008). A jury convicted
appellant of the lesser included offense of aggravated assault. Id. at § 22.02(a)(2).
After finding two enhancement paragraphs true, the trial court assessed punishment
at 40 years in prison. In two points of error, appellant contends that: (1) the trial court
erred in failing to instruct the jury on the right to use deadly force to prevent
imminent commission of murder, robbery, or aggravated robbery; and (2) the trial
court’s written judgment of conviction erroneously states that he was convicted of
aggravated assault against a public servant. We reform the judgment to reflect the
correct offense and degree of offense and affirm.
Background
          Police officers arrested appellant on August 2, 2006 while executing a search
warrant as part of a narcotics investigation. The point man on the raid squad, Houston
Police Department Sergeant Richard Hahn, testified that, after the team made their
entry, he proceeded down a hallway, where he saw appellant “standing in a crouched
position holding a long-barreled firearm,” which turned out to be a shotgun. Sergeant
Hahn further testified that, as he yelled at appellant, “‘Drop the weapon, Police, drop
the weapon,’” appellant “began raising it to shoulder the weapon.” Sergeant Hahn,
thinking that he was about to get shot, fired his own weapon at appellant. 
          At trial, counsel for appellant requested a jury instruction on “self-defense.” In
response, the trial court instructed the jury to find appellant not guilty if it found that
he reasonably believed deadly force was immediately necessary to defend against
Hahn’s use or attempted use of unlawful deadly force. Appellant was satisfied with
the revised charge, making no further objections or requests. Deadly Force
          In his first point of error, appellant contends that the trial court erred in failing
to instruct the jury on his right to use deadly force to prevent the imminent
commission of murder, robbery, or aggravated robbery. 
          A. Applicable Law for Deadly Force
          The defensive theory of deadly force in defense of one’s person may be
established in two alternative ways. First, a person is justified in using deadly force
against another when and to the degree he reasonably believes the deadly force is
immediately necessary to protect himself against the other’s use or attempted use of
unlawful deadly force, if the actor would be justified in using force under Section
9.31 of the Texas Penal Code (“the self-defense statute”) and a reasonable person in
the actor’s situation would not have retreated. Second, a person is justified in using
deadly force against another when and to the degree he reasonably believes the deadly
force is immediately necessary to prevent the other’s imminent commission of
murder, robbery, or aggravated robbery, among other crimes, if the actor would be
justified in using force under the self-defense statute and a reasonable person in the
actor’s situation would not have retreated. See Act of May 27, 1995, 74th Leg., R.S.,
ch. 235, § 1, sec. 9.32, 1995 Tex. Gen. Laws 2141, 2141 (amended 2007) (current
version at Tex. Pen. Code Ann. § 9.32 (Vernon Supp. 2008)).



          The trial court charged the jury on the first alternative but not the second.
 B. Preservation of Error
          When evidence from any source raises a defensive issue and the defendant
properly requests a jury charge on that issue, the trial court must submit the issue to
the jury. Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). However,
there is no duty imposed on a trial court to instruct the jury on unrequested defensive
issues, even when the issues are raised by the evidence. Oursbourn v. State, 259
S.W.3d 159, 179 (Tex. Crim. App. 2008); Posey v. State, 966 S.W.2d 57, 62-63 (Tex.
Crim. App. 1998). 
          A defendant preserves error if the requested charge is specific enough to put
the trial court on notice of the omission or error in the charge, and the requested
charge need not be “in perfect form” but only sufficient enough to bring the request
to the trial court’s attention. Chapman v. State, 921 S.W.2d 694, 695 (Tex. Crim.
App. 1996). “‘Magic words’ are not required; a complaint will be preserved if the
substance of the complaint is conveyed to the trial judge.” Bennett v. State, 235
S.W.3d 241, 243 (Tex. Crim. App. 2007). An imperfect objection is sufficient to
preserve error “if the record indicate[s] that the trial judge understood appellant’s
request to encompass the matters about which appellant now complains.” Id. at n. 9
(citation omitted). In deciding whether the trial court understood the request for an
instruction, we must examine the record for statements by the trial court that reflect
what its understanding was, the general theme of the defense evidence, the various
defensive theories presented at the trial, and anything else that may shed light on
whether the trial court understood the objection. Rogers v. State, 105 S.W.3d 630,
632-41 (Tex. Crim. App. 2003). 
          Here, appellant requested the defensive issue of “self-defense,” which the trial
court understood was a request for a deadly force instruction requiring acquittal if the
jury reasonably believed that deadly force was immediately necessary to defend
against Hahn’s use or attempted use of unlawful deadly force. Appellant challenges
the trial court’s charge by asserting that the court should have made further inferences
from his request for a “self-defense” instruction. Appellant specifically complains that
the trial court’s charge failed to include the alternative instruction that allows a
defendant to use deadly force that is immediately necessary to prevent the other’s
imminent commission of murder, robbery, or aggravated robbery. 
          This court recently dealt with a similar issue in Carmen v. State, No. 01-07-00069-CR, 2008 WL 4965296, (Tex. App.—Houston [1st Dist.] Nov. 20, 2008, no
pet. h.). In Carmen, we held that a defendant on trial for murder preserved his
appellate challenge concerning the trial court’s failure to include a jury instruction on
deadly force in defense of one’s person by objecting to the trial court’s failure to
include an instruction on “self-defense.” We stated:
[I]t is implausible to believe that the trial court did not understand that
appellant was asking for a defensive instruction of deadly force in defense of
one’s self since that was the only defense mentioned during voir dire, it was the
only defense mentioned in appellant’s testimony, and it was the only defense
appellant could have been referring to since he was charged with murder with
a firearm, which is per se a deadly weapon. . . .[T]he situation here is an
imperfectly requested defensive instruction that, under the circumstances
shown in the record, could only have been interpreted to mean a request for
what is informally called self-defense with a deadly weapon or deadly force,
which is formally called deadly force in defense of one’s person.
          Id. at *5-6.
          The instant case does not present the situation discussed in Carmen. Appellant
made no opening statement and presented no witnesses. During voir dire, counsel for
appellant stated that “if you honestly believe and it’s a reasonable belief that your life
is in danger, you can certainly use deadly force if you feel that it’s—you may be the
victim of serious bodily injury or death” and said nothing more about defensive
theories. The “serious bodily injury or death” language is not contained in either the
self-defense or deadly force statutes. Defense counsel did not unequivocally mention
the second alternative contained in the deadly force statute until after the court’s
charge was read to the jury, during closing argument, when he said: “Could he have
thought that it was, in fact and indeed, some robbery by other folks in the
neighborhood?” Appellant, unlike the defendant in Carmen, “failed to place the trial
judge on notice” in any way that he wanted the omitted instruction. See Bennett, 235
S.W.3d at 243.
          Examining the record, we find nothing indicating that the trial court understood
that appellant’s request for “self-defense” meant a request for the charge of deadly
force to prevent the commission of murder, robbery and aggravated robbery. Further,
appellant concedes, and the record reflects, that he did not object to the omission of
the specific desired deadly force instruction or request its inclusion in the charge.


 We
hold that appellant waived error and accordingly overrule appellant’s first point of
error.
Incorrect Judgment
          In his second point of error, appellant contends that the trial court’s written
judgment of conviction erroneously states that he was convicted of aggravated assault
against a public servant. The State concedes that the judgment lists the wrong offense
and degree of offense.
          An appellate court has the power to correct and reform a trial court judgment
to make the record speak the truth when it has the necessary data and information to
do so. Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no
pet.) (citing Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet.
ref’d)); see also Tex. R. App. P. 43.2(b). The record shows that the jury found
appellant guilty of aggravated assault, a second-degree felony. However, the
judgment signed by the trial court states that appellant was convicted of “aggravated
assault against pb servant” and a “1st degree felony.” We sustain appellant’s second
point of error and, accordingly, reform the trial court’s judgment to reflect that
appellant was convicted of aggravated assault, a second-degree felony.
Conclusion 
          We affirm the judgment of the trial court as reformed herein.

 
 
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Hanks.
Publish. Tex. R. App. P. 47.2(b)