COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-08-096-CR

 

 

GERALD PAUL HAMILTON                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Gerald Paul Hamilton appeals his
conviction for assault causing bodily injury to a family member.  In two points, he argues that the trial court
erred by failing to instruct the jury on self defense and that his trial
counsel rendered ineffective assistance by failing to request an instruction on
self defense.  We affirm.








                                            Background

Edna N., Appellant=s
ex-wife, testified that on February 13, 2007, she and Appellant had an argument
that escalated into physical violence. 
She said Appellant first struck her with a rolled-up newspaper; punched
her in the face several times; threw her against a wall, the floor, and
furniture; struck her Aall over@ twenty
or more times; hit her in the head with a telephone; and tore hair from her
head.  She denied having hit or struck
Appellant, though she admitted that she Apush[ed]
back@ against
him and threw a candle at him.

Appellant=s nephew
Dominick testified that the altercation began when Edna Awas
pushing [Appellant=s] head,@ threw a
candle at him, and Astarted pressing her breast
against him.@ 
Appellant=s son Gerald said that Edna was Aputting
her finger in [Appellant=s] face@ and Abelly
bumping@ him.

Appellant testified that he and Edna argued; he Atossed@ a phone
to her; she threw a candle at him; and he never hit her.

A jury convicted Appellant of assault causing
bodily injury to a family member, and the trial court assessed punishment of
180 days in jail, suspended for two years; and a $500 fine.








                                    Self-Defense
Instruction

In his first point, Appellant argues that the
trial court erred by failing to instruct the jury on self defense, even though
Appellant did not request a self-defense instruction.

Self defense is a defensive issue.  Frank v. State, 688 S.W.2d 863, 868
(Tex. Crim. App. 1985).  A defendant who
fails to request a jury instruction on a defensive issue, or to object to the
omission of such an instruction, forfeits that issue for appeal, unless the
instruction is mandated by rule or statute. 
See Oursbourn v. State, 259 S.W.3d 159, 178B81 (Tex.
Crim. App. 2008); Delgado v. State, 235 S.W.3d 244, 249B50 &
n.19 (Tex. Crim. App. 2007).  The trial
court has no duty to sua sponte instruct the jury on unrequested defensive
issues because these issues are not Alaw
applicable to the case.@ 
See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007); Posey
v. State, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); see also Bennett v.
State, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (ADefensive
instructions must be requested in order to be considered applicable law of the
case requiring submission to the jury.@).  Therefore, we do not apply Almanza to
the review of the omission of a jury instruction on a defensive issue not
properly preserved at trial by a request or objection.  Tex. R. App. P. 33.1; Posey, 966
S.W.2d at 61B62.








Because Appellant did not request a self-defense
instruction at trial, he has forfeited his compliant.  See Oursbourn, 259 S.W.3d at 178B81.  We overrule his first point.

                              Ineffective
Assistance of Counsel

In his second point, Appellant argues that his trial
counsel rendered ineffective assistance by failing to request a jury
instruction on self defense.

The court of criminal appeals recently addressed
a similar claim of ineffective assistance in a case where the defendant=s trial
counsel failed to request a self-defense instruction:

We have consistently observed that usually Athe record on direct
appeal will not be sufficient to show that counsel=s representation was so
deficient and so lacking tactical or strategic decision‑making as to
overcome the strong presumption that counsel=s conduct was reasonable and professional.@  Here, we can only speculate why counsel acted
or failed to act; thus, we presume that counsel=s actions were within the
wide range of reasonable and professional assistance.  We overrule appellant=s ineffective assistance
of counsel points of error.

 

Beatty v. State, No. AP-75010, 2009 WL 619191, at *10 (Tex.
Crim. App. Mar. 11, 2009) (per curiam, not designated for publication)
(citations omitted).








In this case, Appellant filed a motion for new
trial, but he did not allege in the motion that counsel was ineffective for
failing to request a self-defense instruction. 
As in Beatty, we can only speculate why counsel did not request a
self-defense instruction; thus, we presume that counsel=s
actions were within the wide range of reasonable and professional
assistance.  See id.  We overrule Appellant=s second
point.

                                             Conclusion

Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 11, 2009











[1]See Tex. R. App. P. 47.4.