COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-08-096-CR

GERALD PAUL HAMILTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gerald Paul Hamilton appeals his conviction for assault causing bodily injury to a family member.  In two points, he argues that the trial court erred by failing to instruct the jury on self defense and that his trial counsel rendered ineffective assistance by failing to request an instruction on self defense.  We affirm.

Background

Edna N., Appellant’s ex-wife, testified that on February 13, 2007, she and Appellant had an argument that escalated into physical violence.  She said Appellant first struck her with a rolled-up newspaper; punched her in the face several times; threw her against a wall, the floor, and furniture; struck her “all over” twenty or more times; hit her in the head with a telephone; and tore hair from her head.  She denied having hit or struck Appellant, though she admitted that she “push[ed] back” against him and threw a candle at him. 

Appellant’s nephew Dominick testified that the altercation began when Edna “was pushing [Appellant’s] head,” threw a candle at him, and “started pressing her breast against him.”  Appellant’s son Gerald said that Edna was “putting her finger in [Appellant’s] face” and “belly bumping” him.   

Appellant testified that he and Edna argued; he “tossed” a phone to her; she threw a candle at him; and he never hit her.  

A jury convicted Appellant of assault causing bodily injury to a family member, and the trial court assessed punishment of 180 days in jail, suspended for two years; and a $500 fine. 

Self-Defense Instruction

In his first point, Appellant argues that the trial court erred by failing to instruct the jury on self defense, even though Appellant did not request a self-defense instruction.

Self defense is a defensive issue.  
Frank v. State
, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985).  A defendant who fails to request a jury instruction on a defensive issue, or to object to the omission of such an instruction, forfeits that issue for appeal, unless the instruction is mandated by rule or statute.  
See Oursbourn v. State
, 259 S.W.3d 159, 178–81 (Tex. Crim. App. 2008)
; 
Delgado v. State
, 235 S.W.3d 244, 249–50 & n.19 (Tex. Crim. App. 2007).  The trial court has no duty to sua sponte instruct the jury on unrequested defensive issues because these issues are not “law applicable to the case.”  
See
 Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007); 
Posey v. State
, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); 
see also Bennett v. State
, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (“Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury.”).  
Therefore, we do not apply 
Almanza
 to the review of the omission of a jury instruction on a defensive issue not properly preserved at trial by a request or objection
.  Tex. R. App. P. 33.1; 
Posey
, 966 S.W.2d at 61–62.

Because Appellant did not request a self-defense instruction at trial, he has forfeited his compliant.   
See 
Oursbourn
, 259 S.W.3d at 178–81
.  We overrule his first point.

Ineffective Assistance of Counsel

In his second point, Appellant argues that his trial counsel rendered ineffective assistance by failing to request a jury instruction on self defense.  

The court of criminal appeals recently addressed a similar claim of ineffective assistance in a case where the defendant’s trial counsel failed to request a self-defense instruction:

We have consistently observed that usually “the record on direct appeal will not be sufficient to show that counsel’s representation was so deficient and so lacking tactical or strategic decision-making as to overcome the strong presumption that counsel’s conduct was reasonable and professional.”  Here, we can only speculate why counsel acted or failed to act; thus, we presume that counsel’s actions were within the wide range of reasonable and professional assistance.  We overrule appellant’s ineffective assistance of counsel points of error.

Beatty v. State
, No. AP-75010, 2009 WL 619191, at *10 (Tex. Crim. App. Mar. 11, 2009) (per curiam, not designated for publication) (citations omitted).

In this case, Appellant filed a motion for new trial, but he did not allege in the motion that counsel was ineffective for failing to request a self-defense instruction.  As in 
Beatty
, we can only speculate why counsel did not request a self-defense instruction; thus, we presume that counsel’s actions were within the wide range of reasonable and professional assistance.  
See id.
  We overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  June 11, 2009

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.