

**MEMORANDUM OPINION**

No. 04-08-00401-CR

David **RABINOWITZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 241525
Honorable Karen Crouch, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:   July 15, 2009

AFFIRMED

David Rabinowitz was convicted by a jury of misdemeanor theft.  On appeal, Rabinowitz

asserts: (1) the evidence is legally insufficient to support his conviction; (2) the trial court abused

its discretion in refusing to dismiss the indictment[1] based on the State's destruction of potentially

---

[1] Although appellant's brief uses the term "indictment" in referring to the charging instrument, the charging instrument contained in the record is an "information."

exculpatory evidence; (3) the trial court erred in failing to instruct the jury regarding the State's destruction of potentially exculpatory evidence; and (4) the trial court erred in admitting testimony regarding a statement made by Rabinowitz. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

## LEGAL SUFFICIENCY

In determining the legal sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony." *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). "Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury." *Id*.

Rabinowitz contends the evidence is legally insufficient to support his conviction because he owned the hard drive and flashlight that were recovered from his pockets. Rudy Guevara, a loss prevention officer employed by Costco Wholesale, testified that he observed Rabinowitz enter the store and pick up a hard drive enclosed in blister pack packaging. Guevara later observed Rabinowitz cut open the package, place the hard drive in his pocket, and hide the packaging behind some other items on a shelf. Rabinowitz exited the store without paying for the hard drive. Guevara stopped Rabinowitz and escorted him to Guevara's office inside the store. Rabinowitz removed the hard drive from his pocket and placed it on Guevara's desk. Guevara retrieved the empty packaging from the shelf and confirmed the hard drive was from the empty packaging. When a police officer subsequently searched Rabinowitz after arresting him, the police officer recovered a flashlight from

Rabinowitz's pocket. An assistant manager then located the packaging for the flashlight from which the flashlight had been removed in the store. Photographs of the hard drive, the flashlight, and the packaging were admitted into evidence. Because the foregoing evidence is legally sufficient to support the jury's finding that the hard drive and the flashlight were owned by Costco and not by Rabinowitz, Rabinowitz's first issue is overruled.

## DISMISSAL OF CHARGING INSTRUMENT

Rabinowitz next asserts that the trial court "abused its discretion in refusing to dismiss the indictment as required by the motion to compel production of evidence against the Appellant and the motion for new trial and motion in arrest of judgment based upon the destruction of potentially exculpatory evidence, in violation of the Due Course of Law provisions of the Texas Constitution." Rabinowitz failed to obtain a ruling on the motion to compel and did not assert the destruction of potentially exculpatory evidence as a ground in his motion for new trial and motion in arrest of judgment. By failing to present this complaint to the trial court and obtain a ruling thereon, Rabinowitz failed to preserve this issue for our review. TEX. R. APP. P. 33.1(a).

## JURY CHARGE

In his third issue Rabinowitz complains that the trial court erred in refusing the instruct the jury regarding the State's destruction of potentially exculpatory evidence. Rabinowitz's complaint focuses on Costco's policy of returning or destroying stolen merchandise to receive credit from the vendor after the stolen merchandise is listed on a police report. Rabinowitz contends that he had files on the hard drive that would have proven that he owned it. However, Rabinowitz never requested the trial court to include an instruction in the jury charge, and a trial court has no duty to *sua sponte* instruct a jury on unrequested defensive issues. *See Posey v. State*, 966 S.W.2d 57, 62

(Tex. Crim. App. 1998); *see also Bennett v.* State, 235 S.W.3d 241, 243-44 (Tex. Crim. App. 2007). Accordingly, the trial court did not err in not instructing the jury regarding the State's alleged destruction of potentially exculpatory evidence, and Rabinowitz's third issue is overruled.

## RABINOWITZ'S STATEMENT

In his final issue, Rabinowitz asserts the trial court erred in allowing Guevara to testify that Rabinowitz stated that he knew what he was doing was wrong. In his brief, Rabinowitz argues that the statement should not have been admitted because he was in custody, he had invoked his right to counsel, and he was not provided with the required warnings before the statement was taken. The only objection Rabinowitz made to the testimony at trial, however, was hearsay. Because Rabinowitz's trial objection does not comport with the issue he raises on appeal, he has failed to preserve his complaint for our review. *See Sorto v. State*, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH