MEMORANDUM OPINION


No. 04-08-00401-CR



David RABINOWITZ,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 8, Bexar County, Texas


Trial Court No. 241525


Honorable Karen Crouch, Judge Presiding



Opinion by: Rebecca Simmons, Justice


Sitting: Rebecca Simmons, Justice

 Steven C. Hilbig, Justice

 Marialyn Barnard, Justice


Delivered and Filed: July 15, 2009


AFFIRMED

 David Rabinowitz was convicted by a jury of misdemeanor theft. On appeal, Rabinowitz
asserts: (1) the evidence is legally insufficient to support his conviction; (2) the trial court abused
its discretion in refusing to dismiss the indictment (1) based on the State's destruction of potentially
exculpatory evidence; (3) the trial court erred in failing to instruct the jury regarding the State's
destruction of potentially exculpatory evidence; and (4) the trial court erred in admitting testimony
regarding a statement made by Rabinowitz. Because the issues in this appeal involve the application
of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

Legal Sufficiency


 In determining the legal sufficiency of the evidence, we review all of the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). "The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given their testimony." Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). "Likewise, reconciliation of conflicts in the
evidence is within the exclusive province of the jury." Id.

 Rabinowitz contends the evidence is legally insufficient to support his conviction because
he owned the hard drive and flashlight that were recovered from his pockets. Rudy Guevara, a loss
prevention officer employed by Costco Wholesale, testified that he observed Rabinowitz enter the
store and pick up a hard drive enclosed in blister pack packaging. Guevara later observed
Rabinowitz cut open the package, place the hard drive in his pocket, and hide the packaging behind
some other items on a shelf. Rabinowitz exited the store without paying for the hard drive. Guevara
stopped Rabinowitz and escorted him to Guevara's office inside the store. Rabinowitz removed the
hard drive from his pocket and placed it on Guevara's desk. Guevara retrieved the empty packaging
from the shelf and confirmed the hard drive was from the empty packaging. When a police officer
subsequently searched Rabinowitz after arresting him, the police officer recovered a flashlight from
Rabinowitz's pocket. An assistant manager then located the packaging for the flashlight from which
the flashlight had been removed in the store. Photographs of the hard drive, the flashlight, and the
packaging were admitted into evidence. Because the foregoing evidence is legally sufficient to
support the jury's finding that the hard drive and the flashlight were owned by Costco and not by
Rabinowitz, Rabinowitz's first issue is overruled.

Dismissal of Charging Instrument


 Rabinowitz next asserts that the trial court "abused its discretion in refusing to dismiss the
indictment as required by the motion to compel production of evidence against the Appellant and
the motion for new trial and motion in arrest of judgment based upon the destruction of potentially
exculpatory evidence, in violation of the Due Course of Law provisions of the Texas Constitution." 
Rabinowitz failed to obtain a ruling on the motion to compel and did not assert the destruction of
potentially exculpatory evidence as a ground in his motion for new trial and motion in arrest of
judgment. By failing to present this complaint to the trial court and obtain a ruling thereon,
Rabinowitz failed to preserve this issue for our review. Tex. R. App. P. 33.1(a).

Jury Charge


 In his third issue Rabinowitz complains that the trial court erred in refusing the instruct the
jury regarding the State's destruction of potentially exculpatory evidence. Rabinowitz's complaint
focuses on Costco's policy of returning or destroying stolen merchandise to receive credit from the
vendor after the stolen merchandise is listed on a police report. Rabinowitz contends that he had
files on the hard drive that would have proven that he owned it. However, Rabinowitz never
requested the trial court to include an instruction in the jury charge, and a trial court has no duty to
sua sponte instruct a jury on unrequested defensive issues. See Posey v. State, 966 S.W.2d 57, 62
(Tex. Crim. App. 1998); see also Bennett v. State, 235 S.W.3d 241, 243-44 (Tex. Crim. App. 2007). 
Accordingly, the trial court did not err in not instructing the jury regarding the State's alleged
destruction of potentially exculpatory evidence, and Rabinowitz's third issue is overruled.

Rabinowitz's Statement


 In his final issue, Rabinowitz asserts the trial court erred in allowing Guevara to testify that
Rabinowitz stated that he knew what he was doing was wrong. In his brief, Rabinowitz argues that
the statement should not have been admitted because he was in custody, he had invoked his right to
counsel, and he was not provided with the required warnings before the statement was taken. The
only objection Rabinowitz made to the testimony at trial, however, was hearsay. Because
Rabinowitz's trial objection does not comport with the issue he raises on appeal, he has failed to
preserve his complaint for our review. See Sorto v. State, 173 S.W.3d 469, 476 (Tex. Crim. App.
2005).

Conclusion


 The trial court's judgment is affirmed.

 Rebecca Simmons, Justice

DO NOT PUBLISH
1. Although appellant's brief uses the term "indictment" in referring to the charging instrument, the charging
instrument contained in the record is an "information."