# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00590-CR

Alejandro Saucedo Jr., Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 08-169, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Alejandro Saucedo Jr. of the offense of bail jumping and failure to appear. *See* Tex. Penal Code Ann. § 38.10 (West 2003). Punishment was assessed at ten years' imprisonment and a $2,000 fine, but the district court suspended imposition of the sentence and placed Saucedo on community supervision for ten years. In a single issue on appeal, Saucedo asserts that the district court erred by failing to instruct the jury on the defense of "reasonable excuse." We will affirm the judgment.

## BACKGROUND

The jury heard evidence that Saucedo was initially charged with the offense of aggravated assault on a public servant and had been released on bail pending his jury trial, which was set for September 17, 2007. Tom Trautman, a bailiff for the Caldwell County District Court, testified that Saucedo was not present in the courtroom when his case was called for trial. Trautman

was instructed to go to the courthouse door and call out Saucedo's name three times. Trautman did so and received no response. Trautman next filled out and signed a bailiff's certificate, attesting that he had called out Saucedo's name and that Saucedo had not appeared, and filed the certificate with the district clerk. Later that day, Trautman testified, Saucedo showed up at the courthouse and talked to him, but the jury had already been excused for the day. Trautman could not remember any statements Saucedo had made to him explaining why he had not appeared that morning as scheduled, and Trautman did not have any knowledge of whether Saucedo had simply forgotten about his court appearance or had intentionally missed it.

Another bailiff, Caldwell County Deputy Sheriff Johnny Juarez, was also present at the courthouse on September 17. Juarez testified that he was aware that Saucedo did not appear for court that morning but that he saw and spoke to Saucedo at the courthouse that afternoon. Juarez could not recall what Saucedo had told him during their conversation and had no knowledge of Saucedo's reason for not appearing. Juarez further testified that he was also present at the courthouse on September 12, the date of Saucedo's pretrial " docket call" setting, and that Saucedo did not appear in court on that day either. Finally, Juarez testified that in his experience, defendants typically do not forget their court dates, although he acknowledged on cross-examination that "it can happen."

Also admitted into evidence was a "notice of hearing" informing Saucedo of the September 12 and 17 court settings. The notice was dated August 1, 2007, and signed by Saucedo.

The sole witness for the defense was Saucedo's former attorney, Kelly McCormick, who had represented Saucedo in the underlying aggravated-assault case. McCormick testified that

2

he believed Saucedo had received in August notice of the court settings scheduled for September 12 and 17. However, McCormick acknowledged that he did not remind Saucedo of the settings via letter and could not recall whether he had reminded Saucedo of the settings via telephone. On the morning of September 17, McCormick testified, he had tried to contact Saucedo but had been unable to locate him.

The defense also offered into evidence three exhibits: (1) Saucedo's handwritten letter to McCormick, dated either April or September 2, 2007, asking McCormick to request that the district court provide at least two weeks' notice of his trial date; (2) Saucedo's handwritten letter to the district court and the district attorney's office, dated June 8, 2006, claiming that he was having "communication difficulties" with his attorney at the time, Joshua Hinton, and requesting at least two weeks' written notice "of any court appearances"; and (3) fourteen hearing notices regarding various court settings in Saucedo's assault case. Saucedo claimed that he had appeared for all of the settings except for the ones scheduled on September 12 and 17, 2007.

The jury found Saucedo guilty as charged. The district court assessed punishment at ten years' imprisonment, probated for ten years, and a $2,000 fine. This appeal followed.

**ANALYSIS**

A person commits the offense of bail jumping and failure to appear if, after being lawfully released from custody on the condition that he subsequently appear, he intentionally or knowingly fails to appear in accordance with the terms of his release. *Id*. § 38.10(a). It is a defense to prosecution that the actor had a reasonable excuse for his failure to appear in accordance with the

terms of his release. *Id*. § 38.10(c). The district court did not instruct the jury on this defense, and Saucedo contends that this was error. We disagree.

The defense of "reasonable excuse" is a "justification" type of defense—the defendant admits to failing to appear in accordance with the terms of his release but claims that his failure to appear is justified by a "reasonable excuse." *See id*.; *see also* W. LaFave, *Substantive Criminal Law* § 9.1(a)(3) at 7 (2nd ed. 2003) ("[A] justification defense is one that defines conduct otherwise criminal, which under the circumstances is socially acceptable and which deserves neither criminal liability nor even censure.") (internal quotations omitted). This type of defense "does not negate any element of the offense, including culpable intent; it only excuses what would otherwise constitute criminal conduct." *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007).

As an initial matter, we observe—and Saucedo concedes in his brief—that during trial Saucedo made no objection to the jury charge and never requested an instruction on "reasonable excuse." A trial court is not required to instruct a jury on "traditional defenses and defensive theories absent a defendant's request." *Oursbourn v. State*, 259 S.W.3d 159, 179 (Tex. Crim. App. 2008); *see Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) ("Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury."); *Posey v. State*, 966 S.W.2d 57, 61-64 (Tex. Crim. App. 1998) ("[A] defensive issue is not [the law] applicable to the case . . . unless the defendant timely requests the issue or objects to the omission of the issue in the jury charge."). When the trial court is not requested to include a defensive issue in the court's charge to the jury and omits the instruction, the defendant cannot complain of the omission for the first time on appeal. *See Posey*, 966 S.W.2d at 60-64 (explaining that traditional

4

rules of procedural default apply in such cases and that charge-error harm analysis described in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g), does not apply). Thus, by not objecting to the jury charge or requesting an instruction on the defense of "reasonable excuse," Saucedo has waived this issue. *See* Tex. R. App. P. 33.1(a).

Moreover, even if Saucedo had requested the instruction or objected to its omission from the charge, he would not, on this record, have been entitled to receive such an instruction. "The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense." Tex. Penal Code Ann. § 2.03(c) (West 2003). "[U]nder § 2.03(c), a defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw*, 243 S.W.3d at 657-58. "If a defense is supported by the evidence, then the defendant is entitled to an instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and even if the trial court is of the opinion that the evidence is not credible." *Id*. at 658. "But the evidence must be such that it will support a rational jury finding as to each element of the defense." *Id*. at 659. "When the defensive evidence merely negates the necessary culpable mental state, it will not suffice to entitle the defendant to a defensive instruction." *Id.* "Rather, a defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense *including* the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct." *Id*.

In order for a person to commit the offense of bail jumping, his failure to appear must be done "intentionally or knowingly." *See* Tex. Penal Code Ann. § 38.10(a). Saucedo's theory

5

at trial was that he had forgotten about the court settings because he had not been sufficiently informed or reminded of them by his attorney. In other words, Saucedo was arguing that his failure to appear was not done "intentionally or knowingly." Thus, the evidence Saucedo presented, summarized above, merely tended to negate the necessary culpable mental state. Saucedo did not present evidence "essentially admitting to the offense and interposing a justification to excuse his conduct." *See Shaw*, 243 S.W.3d at 659. Rather, he presented evidence tending to show that he did not commit the offense because he did not possess the necessary culpable mental state. Such evidence does not entitle Saucedo to an instruction on "reasonable excuse."

We overrule Saucedo's sole issue on appeal.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: February 18, 2011

Do Not Publish