NO. 07-11-0093-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2012

_____

SALVADOR RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 8664; HONORABLE PHIL VANDERPOOL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Salvador Rodriguez, was convicted of aggravated assault causing serious bodily injury,[1] and sentenced to twenty years confinement. The trial court's judgment includes special findings ordering Appellant to pay restitution to the victim and court-appointed attorney's fees. Appellant challenges

---

[1]TEX. PENAL CODE ANN. § 22.02(a)(1) (WEST 2011).

his conviction and the special findings by four issues. By his first issue, he contends the trial court erred in refusing to give a requested defensive instruction. By his second issue, he challenges the sufficiency of the evidence to support the order of restitution. By issues three and four, he questions the sufficiency of the evidence to support the order to pay court-appointed attorney's fees and alternatively, questions how the attorney's fees were calculated. We reverse and remand.

## BACKGROUND FACTS

On the night of June 30, 2010, the victim, Carl Cady, drove to Appellant's residence to retrieve a purse belonging to his girlfriend which he claimed she had left there when she visited earlier that night. Other visitors that night included two of Appellant's nephews and one of their friends.

When Cady arrived at the residence, he proceeded toward the porch where he was met by Appellant and his brother, Rudy Rodriguez. At the time, the two nephews and their friend remained inside. Cady explained why he was there and was told the purse was not there and he was asked to leave. Cady did not retreat and a fight ultimately ensued between him, Appellant and Rudy. During that fight, Cady sustained serious injuries to his face and head. After the fight, Cady walked across the street while Appellant and the others got into his nephews' friend's car and started to drive away. When they observed officers arriving, they pulled back into the driveway and remained at the scene.

The officers observed a very bloody Cady and called for an ambulance to take him to the emergency room. They also observed blood stains in the yard and street. After the officers conducted interviews and investigated the scene, Appellant and Rudy were arrested and charged with aggravated assault causing serious bodily injury. The case was tried to a jury under a law-of-parties theory. Appellant was convicted and the trial court assessed punishment.

## ANALYSIS

Distilling Appellant's first issue, he asserts the trial court improperly denied his request for a jury instruction on defense of property pursuant to section 9.42 of the Texas Penal Code.[2] Because the State argues the issue is waived and thus requires egregious error for reversal,[3] we first address whether Appellant's complaint was preserved for review.

A defendant is entitled, upon a timely request, to an instruction on any defensive issue raised by the evidence, provided that (1) the defendant timely requests an instruction on that specific theory and (2) the evidence raises that issue. *Rogers v. State*, 105 S.W.3d 630, 639 (Tex.Crim.App. 2003). To preserve possible error for appellate review, the defendant must sufficiently identify the defensive theory for which he seeks an instruction. *Id.* at 640.

---

[2]TEX. PENAL CODE ANN. § 9.42 (WEST 2011).

[3]*See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

"Magic words" are not required to preserve a complaint for review, *Bennett v. State*, 235 S.W.3d 241, 243 (Tex.Crim.App. 2007), and a request for a particular instruction need not be perfect. *Williams v. State*, 630 S.W.2d 640, 643 (Tex.Crim.App. 1982). However, the substance of the complaint must be adequate to convey to the trial court a clear understanding of the particular subject of the requested instruction. *Rogers*, 105 S.W.3d at 640 n.34. A trial judge is not required to mull over all the evidence introduced at trial to determine whether a defendant's request for a jury instruction means more than it says. *Bennett*, 235 S.W.3d at 243.

A defendant is entitled to an instruction on every defensive issue raised regardless of whether the evidence is strong, feeble, unimpeached or contradicted, and even when the trial court thinks that the testimony is not worthy of belief. *Walters v. State*, 247 S.W.3d 204, 209 (Tex.Crim.App. 2007). This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App. 1991). We review the denial of a requested defensive instruction in the light most favorable to the defendant. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex.Crim.App. 2006).

A trial court's decision not to include a defensive instruction in a jury charge is reviewed for abuse of discretion. *See Love v. State*, 199 S.W.3d 447, 455 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). When a defensive theory is raised by the

4

evidence from any source and a charge is properly requested, it must be submitted to the jury.  *Shaw v. State*, 243 S.W.3d 647, 662 (Tex.Crim.App. 2007).

Here, Appellant tried his case on a theory of defense of property.  He testified that prior to the physical altercation, Cady was charging at the residence, yelling in a belligerent manner.  According to Appellant, he and Rudy both asked Cady to leave and Rudy stepped in front of Cady.  When Cady physically proceeded around Rudy[4] and towards the door, punches were exchanged.  While Appellant admitted striking Cady once behind the ear, other witnesses testified that most of Cady's injuries were inflicted by Rudy.

During Appellant's case-in-chief, his nephew, Joe Jacob, testified that Cady was coming up the sidewalk of the residence.  The nephew's friend, Paul Rodriguez,[5] testified more than once that Cady was angry and kept trying to enter the residence.  On one occasion he testified, "[h]e kept trying to go in the house and they kept telling him to leave and he wouldn't leave and he kept trying to go in."  Appellant's other nephew, Rudy, Jr., when asked if Cady came into the house, answered, "[n]o, he tried . . . like he went towards the door."  Rudy further testified, "[Cady] said he was going to come in the house because he wanted a purse or something."

During the charge conference, defense counsel presented a written motion tracking the statutory language of section 9.42 on use of deadly force to protect property.  Counsel requested a jury instruction on "defense of a habitation and the

---

[4]Evidence was presented that Cady "charged [Rudy] and tried to rip off his shirt."

[5]Although the witness has the same surname as Appellant, he is not related to him.

5

defense of property specifically with the use of deadly force." The State countered arguing there was no evidence supporting imminent commission of the offenses enumerated in section 9.42 of arson, burglary, robbery, aggravated robbery, theft during the nighttime or criminal mischief during the nighttime. Defense counsel responded as follows:

> Your Honor, there just has to be a minimum amount of evidence to be able to instruct the jury. In this case there's been some evidence that Mr. Cady was angry, that he was acting in a volatile manner. He was going into that house even though my client didn't – had told him not to. Specifically, Your Honor, we didn't know what his frame of mind was, we didn't know exactly what he was going to do in there.

The trial court denied the requested instruction.

The record reflects that Appellant's case-in-chief was neither complex nor lengthy and that the trial court had just heard testimony from Appellant and defense witnesses that Cady was aggressively attempting to enter the Appellant's residence without consent. Defense counsel's argument in support of the requested instruction for defense of property was adequate to convey to the trial court a clear understanding of the particular subject of the instruction. *Rogers*, 105 S.W.3d at 640 n.34. Defense counsel gave the trial court specific reasons why he believed Appellant was entitled to an instruction on defense of property. The trial court was not "sandbagged" with objections he did not understand. *See Mays v. State*, 318 S.W.3d 368, 384-85 (Tex.Crim.App. 2010). Accordingly, we conclude the requested instruction was preserved for review.

We now turn to the merits of Appellant's complaint that the trial court abused its discretion in refusing to instruct the jury on use of deadly force to defend property. Appellant, his two nephews and their friend, testified that Cady was attempting to enter Appellant's residence without consent, that his stated purpose was to take property (albeit property he claimed did not belong to the occupants), and that he was doing so in an aggressive or assaultive manner. Certainly such conduct could have constituted the "imminent" commission of one or more of the section 9.42 enumerated offenses. Regardless of the source of the evidence and whether that evidence is strong, feeble, unimpeached, contradicted, or not worthy of belief, a defensive issue was raised and the trial court should have instructed the jury accordingly. Viewing the evidence in the light most favorable to Appellant, we hold the trial court abused its discretion in refusing to give a section 9.42 defensive instruction in the jury charge.

Finding error in the court's charge begins, rather than ends, our inquiry. *Almanza v. State,* 686 S.W.2d 157, 174 (Tex.Crim.App. 1984) (op. on reh'g). If error exists, we must then analyze the error for harm. *Ngo v. State,* 175 S.W.3d 738, 743 (Tex.Crim.App. 2005). When, as here, error in the charge is preserved for review, reversal is required if the error caused "some" harm, i.e., was calculated to injure the rights of the defendant. *Almanza*, 686 S.W.2d at 171.

The trial court's refusal to give the jury a defensive instruction deprived Appellant of the ability to present a defense and argue that defense to the jury. He was entitled to have the jury rule on his claim of defense of property. By refusing the requested instruction, the trial court removed any opportunity for the jury to decide the relative

credibility of the evidence or the merits of the defense. *See Miller*, 815 S.W.2d at 585. Accordingly, we conclude Appellant suffered "some" harm from the trial court's erroneous refusal to give the instruction. Issue one is sustained.

## CONCLUSION

Having sustained Appellant's first issue, we pretermit issues two, three and four. TEX. R. APP. P. 47.1. Accordingly, the trial court's judgment is reversed and the cause is remanded for a new trial consistent with this opinion.

Patrick A. Pirtle
Justice

Do not publish.

8