

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00268-CR

**JOSE ANGEL BEDOLLA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 272nd District Court
Brazos County, Texas
Trial Court No. 09-02939-CRF-272

## MEMORANDUM  OPINION

Appellant Jose Bedolla was found guilty by a jury of aggravated assault with a deadly weapon and leaving the scene of an accident involving injury.  The jury assessed punishment on the aggravated assault count at three years' imprisonment and a $10,000 fine and on the leaving the scene count at five years' imprisonment, which was suspended and probated for five years, and a fine of $5,000, which was not suspended. Raising one issue, Bedolla appeals.  We will affirm.

Around 1:30 a.m. on April 11, 2009, after watching a movie and drinking beer

with a friend, Bedolla drove to a McDonald's and then to look for a prostitute. He spotted and picked up Janniful Walton and began driving around the neighborhood. Walton testified that she became uncomfortable and asked to be let out of the car, but Bedolla refused. She tried to turn off the car, and they struggled. During the struggle, Bedolla struck Walton in the face twice and Walton cut Bedolla on the hand with a pocketknife that she carried for protection. With Bedolla tugging on her, Walton opened the passenger door and fell out. After she fell out, Bedolla ran over her and drove away.

Bedolla testified that he was looking for a prostitute for oral sex, and he asked Walton if she wanted a ride. Once in the car, he told her he wanted oral sex, and she agreed and he gave her some money. Bedolla said that Walton then accused him of already being in the area and "messing around" with others, so he decided he did not want to do anything with Walton. Walton then asked Bedolla to drive her to her sister's house, and Bedolla agreed.

At a stop sign, Walton reached over and turned the car key off. Bedolla restarted the car and continued driving, and when he got to Columbus Street, Walton told him to stop. Bedolla stopped and saw a knife in Walton's hand coming at him, so he punched her once in the face. After that, he tried to take the knife from Walton, and she cut him on his hand and dropped the knife. He told her to get out of the car, and when she stepped out of the car, she reached back in as he accelerated, which made the door close. When the door closed, Walton fell, and as he drove off, he felt the back wheel run over something.

Bedolla testified that he was scared and in a panic and that he had not intended to use his car as a deadly weapon. He felt like he "was protecting [himself] and [he] was threatened that night." He said that he acted in "self-defense."

Bedolla requested and was given a necessity jury instruction on the leaving-the-scene count. He also requested a self-defense jury instruction on the aggravated assault count, but it was denied by the trial court. In his sole issue, he complains that the trial court erred in failing to include a self-defense with deadly force instruction.

The State contends that Bedolla did not preserve this complaint because his request for a self-defense instruction was not specific and specificity was required in this case. Bedolla acknowledges that he was required to preserve this complaint in the trial court by requesting the instruction or objecting to its omission. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

After the close of evidence, Bedolla's attorney told the trial court that he had two requested charges: "A necessity defense on just the failure to stop and render aid, and a self-defense on the assault with a deadly weapon." After the charge was prepared, the trial court asked for any objections, and the following colloquy occurred:

[Defense Counsel]: The defense requested two charges. One has been included. One hasn't. Specifically, the first requested jury charge, the defense would ask that that be included in this charge.

THE COURT: The self-defense?

[Defense Counsel]: Yes, sir, Your Honor.

THE COURT: All right. That's going to be denied.

The State's argument is that because Bedolla did not specify his self-defense

theory as self-defense with deadly force, and because there was evidence that Bedolla used both non-deadly force by punching Walton in the face and deadly force by running over her with his car, Bedolla has not preserved his appellate issue. *See, e.g., Bennett v. State,* 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) ("Self-defense and defense of a third person are separate defenses enumerated in separate sections of the Penal Code. A request with respect to the former does not by itself alert the trial judge with respect to the latter."). We agree.

"A defendant preserves error if the requested charge is specific enough to put the trial court on notice of the omission or error in the charge, and the requested charge need not be 'in perfect form' but only sufficient enough to bring the request to the trial court's attention. *Carmen v. State,* 276 S.W.3d 538, 541 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citing *Chapman v. State,* 921 S.W.2d 694, 695 (Tex. Crim. App. 1996)).

Relying on *Carmen,* Bedolla asserts that his request was sufficient because courts use the phrase "self-defense" and "self-defense with deadly force" interchangeably and because of the context of the evidence at trial. *Id.* at 541-42. The State distinguishes *Carmen* because there the defendant never used any force against the victim other than deadly force and the request for a "self-defense" instruction could have only meant to the trial court that the defendant was asking for a "self-defense with deadly force" instruction. *See id.* at 543-44. But as noted, Bedolla used non-deadly force and deadly force against the victim. "Self-defense" (Penal Code § 9.31) and "self-defense with deadly force" (Penal Code § 9.32) are separate statutory defenses. *Cf. Bennett,* 235 S.W.3d at 243; *see also Carmen,* 235 S.W.3d at 549 (Taft, J., dissenting) ("self-defense and

deadly force in defense of person are separate defenses enumerated in separate sections of the Texas Penal Code").

We conclude that Bedolla's request did nothing more that convey that he wanted a self-defense instruction and thus did not preserve his complaint that the trial court erred in not submitting a self-defense with deadly force instruction. *See Bennett*, 235 S.W.3d at 243 ("appellant's complaint here did nothing more than convey that she wanted an instruction on self-defense"); *see also Carmen*, 235 S.W.3d at 549 (Taft, J., dissenting) ("I would not place the duty on the trial court to determine whether a request for self-defense actually means a request for deadly force in defense of person."). Bedolla's issue is overruled, and we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs in the judgment with a note)*
Affirmed
Opinion delivered and filed May 9, 2013
Do not publish
[CR25]

*(Chief Justice Gray concurs in the judgment. A separate opinion will not issue.)