**Affirmed and Opinion filed July 30, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00692-CR

**JASMINE NICOLE EPPS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CR-0604**

## O P I N I O N

Appellant Jasmine Nicole Epps challenges her conviction for aggravated assault with a deadly weapon, arguing that the guilt/innocence charge failed to properly instruct the jury on applicable law relevant to the case because the charge completely omitted defense of a third person from the instructions. Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury. Appellant did not request an instruction on defense of a third person. Because appellant failed to place the trial court on notice

that she wanted an instruction on defense of a third person, the trial court did not err in failing to submit such an instruction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2020, the complainant, Tamika Felton, her sister, Chelsa Lane, and a friend, Rochelle Johnson, were going to The Strand in Galveston. Felton and Johnson were travelling in one vehicle and Lane and her boyfriend were travelling in a second vehicle. They parked the vehicles in a parking lot where they had parked in the past without being required to pay. Appellant, her boyfriend Travis Turner,[1] and Turner's mother were at the parking lot. Felton was acquainted with appellant.

According to Felton, appellant approached Felton and told her that she had to pay ten dollars to park there. Felton got out of her vehicle and asked appellant why she had to pay for public parking. Felton also appealed to the fact that appellant and Felton knew each other. Johnson suggested to Felton that they should leave to prevent things from escalating. Johnson testified that everyone was drunk.

Felton and appellant continued to talk about Felton being required to pay for parking, and a fight broke out. According to Felton, Felton had not threatened, punched, or touched appellant, when appellant started the fight by stabbing Felton in the face. Felton testified that appellant stabbed her in the face, arm, and hand, and that Felton hit appellant with her fist. Felton did not have a weapon. Appellant told a detective with the Galveston Police Department that Felton pulled appellant's wig off, that appellant was defending herself, and that "[t]hey were jumping me."[2]

---

[1] Turner and appellant are now married.

[2] There was conflicting evidence at trial regarding the fight.

Felton's left optic nerve was severed, and she was rendered blind in her left eye. Appellant was pregnant at the time of these events. Turner testified that when police officers arrived, they "kneed [appellant] in the back, and she fell to the ground." Turner testified that appellant later suffered a miscarriage; Turner stated that emergency room personnel were unable to say exactly why she suffered a miscarriage.

Appellant was charged by indictment with aggravated assault with a deadly weapon. Appellant pled "not guilty," and the case was tried to a jury. The trial court instructed the jury as to self-defense but not as to defense of a third person. Appellant stated that she had no objections to the proposed guilt/innocence jury charge. The State said the same. After hearing the evidence and argument of counsel, the jury found appellant "guilty" of the offense of aggravated assault with a deadly weapon as alleged in the indictment. Appellant elected to have the jury assess punishment, and the jury assessed punishment at ten years' confinement.[3] Appellant timely perfected this appeal.

## II. ISSUES AND ANALYSIS

**Does error exist in the guilt/innocence charge because the trial court failed to instruct the jury on defense of a third person?**

In her sole issue appellant asserts that the guilt/innocence charge failed to properly instruct the jury on applicable law relevant to appellant's case because the charge omitted defense of a third person from the instructions. Appellant was pregnant at the time of the charged offense, and she contends that being physically attacked by one or multiple assailants could have killed or caused serious bodily injury to her unborn child. Appellant argues that the trial court was required, under

---

[3] After reviewing the reporter's record, we concluded that appellant was not properly sentenced. We abated the appeal for the trial court to pronounce sentence in open court in appellant's presence, and the trial court did so. *See Meachum v. State*, 273 S.W.3d 803, 805–06 (Tex. App.—Houston [14th Dist.] 2008, order).

the facts of this case, to instruct the jury on defense of a third person. Appellant asserts that an unborn child is defined as a person under the Texas Penal Code and that she had the right to defend her unborn child against actions that could cause serious bodily injury or death to the child.

The trial court instructed the jury on self-defense but did not instruct the jury on defense of a third person. *See* Tex. Penal Code Ann. §§ 9.31, 9.32, 9.33 (West, Westlaw through 2023 4th C.S.). Under the latter defense, "[a] person is justified in using force or deadly force against another to protect a third person if: (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 [of the Texas Penal Code] in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and (2) the actor reasonably believes that his intervention is immediately necessary to protect the third person." *Id*. § 9.33. Under the unambiguous language of the Texas Penal Code, an unborn child at every stage of gestation from fertilization until birth is an "individual" and a "person," and thus a "third person" under Penal Code section 9.33. *See id*.; *id*. § 1.07(a)(26) (West, Westlaw through 2023 4th C.S.) (defining "Individual" as "a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth"); *id*. § 1.07(a)(38) (defining "Person" as "an individual or a corporation, association, limited liability company, or other entity or organization governed by the Business Organizations Code."). Therefore, a woman may be justified in using force or deadly force against another to protect her unborn child under the circumstances stated in Penal Code section 9.33. *See id*. §§ 1.07(a)(26), 1.07(a)(38), 9.33; *Lawrence v. State*, 240 S.W.3d 912, 915–16 (Tex. Crim. App. 2007) (concluding that under the unambiguous language of the Penal Code the death of a woman and her unborn child was the death of "more than one person"); *Holland v. State*, 481 S.W.3d 706,

4

710 (Tex. App.—Eastland 2015, pet. ref'd) (concluding that a person is justified in using force or deadly force against another to protect an unborn child under the circumstances stated in Penal Code section 9.33).

Though article 36.14 of the Code of Criminal Procedure mandates that a trial court submit a charge setting forth the law "applicable to the case," the Court of Criminal Appeals has held that trial courts have no duty to *sua sponte* instruct the jury on unrequested defensive issues. *See* Tex. Code Crim. Proc. Ann. art. 36.14; *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007); *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

Appellant did not request that the trial court instruct the jury on defense of a third person, and the Court of Criminal Appeals has held that self-defense and defense of a third person are separate defenses enumerated in separate sections of the Penal Code. *See Bennett*, 235 S.W.3d at 243. The *Bennett* court concluded that a request with respect to the former does not by itself alert the trial court to a request with respect to the latter. *See id*. The high court also concluded that a trial court is not required to mull over all the evidence introduced at trial in order to determine whether a defendant's request for a jury instruction means more than it says. *See id*. "Magic words" are not required; a complaint will be preserved if the substance of the complaint is conveyed to the trial court. *See id*. Nonetheless, the *Bennett* court concluded that appellant's request for an instruction on self-defense did nothing more than convey that she wanted an instruction on self-defense and did not constitute a request for an instruction on defense of a third person. *See id*.

The record in today's case does not reflect that appellant requested a jury instruction on either self-defense or defense of a third person. The lawyers for the State and for appellant addressed self-defense at length during voir dire, and a lawyer for the State stated during voir dire that the guilt/innocence jury charge

would contain an instruction on self-defense. Appellant's counsel mentioned self-defense during her opening statement. While questioning witnesses during the guilt/innocence phase, appellant's counsel stated that this case was a self-defense case. In arguing for the admission of evidence during the guilt/innocence phase, counsel for the State asserted that "it's been clear that self-defense has been raised." The trial court presented both sides with a proposed guilt/innocence jury charge. Neither side objected, and the trial court used that charge. The charge instructed the jury on self-defense but not on defense of a third person. Appellant's counsel argued self-defense during closing argument, but the jury rejected this defense by its verdict.

Defense of a third person was not discussed during voir dire, opening statements, or the presentation of evidence. There was evidence that appellant was pregnant at the time of the charged offense, and appellant's counsel mentioned appellant's pregnancy during closing argument. Nonetheless, no assertion was made during trial that appellant was using force or deadly force against another to protect her unborn child.

Appellant acknowledges that the Court of Criminal Appeals opinion in *Bennett* requires that an appellant request an instruction on defense of a third person for this defense to be considered applicable law of the case requiring submission to the jury. *See Bennett*, 235 S.W.3d at 243. Nonetheless, appellant contends that *Bennett* is not on point in today's case because "under the unique and limited set of facts/circumstances that exist in this case, the defense of the mother (Appellant) necessarily includes defense of the unborn child (the third person)." Appellant contends that any attack on the mother necessarily and by extension is an attack on the unborn child. Appellant essentially argues that although a defendant must request an instruction on defense of a third person for this defense

to be considered applicable law of the case if the third person is not the defendant's unborn child, this requirement does not apply if the person allegedly acting in self-defense is pregnant and the third party is the person's unborn child. Though *Bennett* did not involve an appellant who was pregnant at the time of the offense, treating a woman's defense of her unborn child as self-defense would contradict the unambiguous language of the Penal Code, under which an unborn child at every stage of gestation from fertilization until birth is an "individual" and a "person," and thus a "third person" under Penal Code section 9.33. *See* Tex. Penal Code Ann. §§ 1.07(a)(26), 1.07(a)(38), 9.33; *Holland*, 481 S.W.3d at 710. The *Bennett* court held that an appellant must request an instruction on defense of a third person for this defense to be considered applicable law of the case requiring submission to the jury, and we see no valid basis for distinguishing this holding because the third person in question was the defendant's unborn child. *See* Tex. Penal Code Ann. §§ 1.07(a)(26), 1.07(a)(38), 9.33; *Bennett*, 235 S.W.3d at 243.

Appellant also cites *Mendez v. State* for the proposition that when a trial court instructs the jury on a defensive issue *sua sponte*, that defensive issue becomes law applicable to the case, and the trial court must instruct the jury on the defensive issue correctly. *See Mendez v. State*, 545 S.W.3d 548, 552–53 (Tex. Crim. App. 2018). We presume that the trial court instructed the jury on self-defense *sua sponte*. Appellant contends that a correct instruction on self-defense in today's case "would necessarily include defense of Appellant but also defense of her unborn child (the third person)." But including the defense of appellant's unborn child in instructions on self-defense would conflict with the Penal Code's plain text, under which an unborn child at every stage of gestation from fertilization until birth is an "individual" and a "person," and thus a "third person" under Penal Code section 9.33. *See* Tex. Penal Code Ann. §§ 1.07(a)(26),

7

1.07(a)(38), 9.33; *Holland*, 481 S.W.3d at 710. Doing so would also conflict with the unambiguous language of the Penal Code and of the opinion in *Bennett*, under which self-defense and defense of a third person are separate defenses. *See* Tex. Penal Code Ann. § 9.33; *Bennett*, 235 S.W.3d at 243. In instructing the jury on self-defense, the trial court did not err by failing to address defense of appellant's unborn child, a third person. *See* Tex. Penal Code Ann. §§ 1.07(a)(26), 1.07(a)(38), 9.33; *Bennett*, 235 S.W.3d at 243; *Holland*, 481 S.W.3d at 710.

Appellant also relies on the Eleventh Court of Appeals's opinion in *Holland v. State*, but a significant distinction between *Holland* and today's case is that in *Holland* the appellant requested that the trial court instruct the jury on defense of a third person as to the unborn child. *See* 481 S.W.3d at 709. In today's case, appellant did not ask the trial court for an instruction on defense of a third person.

Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury. *See Bennett*, 235 S.W.3d at 243; *Posey*, 966 S.W.2d at 62. Because appellant failed to place the trial court on notice that she wanted an instruction on defense of a third person, the trial court did not err in failing to submit such an instruction.[4] *See Bennett*, 235 S.W.3d at 243; *Posey*, 966 S.W.2d at 60–62. Therefore, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/ Randy Wilson
   Justice

Panel consists of Justices Jewell, Spain, and Wilson.

Publish — Tex. R. App. P. 47.2(b)

---

[4] Because appellant has not shown error in the charge, we need not address appellant's arguments regarding harm. *See Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005).